Electronically Filed
Intermediate Court of Appeals
CAAP-10-0000093
26-APR-2012
08:38 AM

NO. CAAP-10-0000093

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
LAURENCE CHAM, Defendant-Appellant


APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-CR. NO. 10-1-1677)


SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Foley and Ginoza, JJ.)


Defendant-Appellant Lawrence Cham (Cham) appeals from the Amended Judgment of Conviction and Sentence (Amended Judgment) filed on October 15, 2010, in the Family Court of the First Circuit (Family Court).[1] Cham was convicted of abuse of a family or household member, in violation of Hawaii Revised Statutes § 709-906 (Supp. 2011).

On appeal, Cham contends that the Family Court: (1) committed plain error by improperly commenting on the evidence in its specific unanimity instruction; and (2) erred in advising the jury that they would be provided lunch if they deliberated beyond 11:30 a.m. We affirm.

---

[1] The Honorable Edward H. Kubo, Jr., presided.

I.

We resolve the arguments raised by Cham on appeal as follows:

A.

Even assuming, *arguendo*, that the Family Court's specific unanimity instruction contained an improper comment on the evidence, any such error was harmless. Based on State v. Nomura, 79 Hawai'i 413, 417, 903 P.2d 718, 722 (App. 1995), we conclude that "[t]he other instructions provided a barrier to any improper influences from the court's comment that may have prejudiced Defendant."

B.

We reject Cham's contention that the Family Court committed prejudicial error by informing the jury, before instructing the jury at the close of the case, that "[i]f you guys deliberate and it takes you until 11:30, the State of Hawaii will buy you lunch." Cham argues that the Family Court's statement amounted to an Allen charge,[2] which the Hawai'i Supreme Court has held is improper to give. See State v. Gonsalves, 108 Hawai'i 289, 294, 119 P.3d 597, 602 (2005).

Cham's argument that the Family Court's statement amounted to an improper Allen charge is without merit. Cham cites no authority for the proposition that the Family Court is prohibited from informing the jury that lunch will be provided if the jury's deliberations extend into lunchtime. The Family Court's innocuous advisement to the jury regarding lunch was not improper and did not prejudice Cham's substantial rights.

---

[2] The terms "Allen charge" or "Allen instruction" are derived from the United States Supreme Court decision in Allen v. United States, 164 U.S. 492 (1896). The Hawai'i Supreme Court has described the Allen charge as "an instruction to a deadlocked jury that directs minority jurors to reconsider their views in light of the views of the majority[,]" and it noted that such charge "became increasingly popular because of 'its perceived efficacy as a means of 'blasting' a verdict out of a deadlocked jury.'" State v. Gonsalves, 108 Hawai'i 289, 294, 119 P.3d 597, 602 (2005) (block quote format, citation, and brackets omitted).

II.

We affirm the Family Court's Amended Judgment.

DATED: Honolulu, Hawai'i, April 26, 2012.

On the briefs:

Jon N. Ikenaga
Deputy Public Defender
for Defendant-Appellant

Clinton G. Piper
Deputy Prosecuting Attorney
City & County of Honolulu

*Craig H. Nakamura*
Chief Judge

*Daniel R. Foley*
Associate Judge

Associate Judge